FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/4/2024 1:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-2288-A
Dunn, James A.

SUMMONS SC-85-1

IN THE SUPERIOR/STATE COURT OF Forsyth COUNTY

STATE OF GEORGIA

Darren Sanders

PLAINTIFF

CIVIL ACTION NUMBER

VS.

Walmart Inc.

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Reginald Greene
600 W Peachtree St NW, Ste 605
Atlanta, Georgia 30308

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 4 day of October, 2024.

Clerk of Superior/State Court

BY /s/ Luz-Gabriela Ortiz

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**EXHIBIT "B"**

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/4/2024 1:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-2288-A
Dunn, James A.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARREN SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| WALMART INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Darren Sanders ("Plaintiff"), by and through his undersigned attorney, and files this Complaint for Damages against Defendant Walmart, Inc. ("Defendant"). Plaintiff shows this Honorable Court as follows:

**1.**

This action arises from an incident that occurred on August 25, 2023, in which Plaintiff sustained bodily injuries after slipping and falling on an oily floor at the Walmart Supercenter located at 6065 Jonesboro Rd, Morrow, GA 30260 (the "Premises").

## PARTIES, JURISDICTION, AND VENUE

**2.**

Plaintiff is a resident of the state of Georgia, residing in Fayette County, and willfully avails himself of the jurisdiction and venue of this Court.

**3.**

Defendant is a foreign corporation organized under the laws of Delaware with their principal office at 702 SW 8th Street, Bentonville, AR, 72716.

**4.**

Defendant may be served with a copy of this Complaint and the Summons upon their Registered Agent, The Corporation Company, located at 416 Peachtree Parkway, Suite 4245, Cumming, GA, 30041.

**5.**

Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

**6.**

Upon information and belief, Defendant owned, managed, and/or operated the Premises.

**7.**

On or about August 25, 2023, Plaintiff was a lawful invitee on the Premises.

**8.**

On the same date, Plaintiff slipped and fell on oil on the floor at the Premises.

**9.**

There was no warning or caution signs alerting Plaintiff of the slipping hazard at the Premises.

**10.**

Defendant had actual or constructive knowledge that there was a slipping hazard in the area of the Premises where Plaintiff slipped and fell.

**11.**

Plaintiff had no reason to know that there was a slipping hazard on the Premises and no time to discover the dangerous condition prior to falling.

**12.**

Plaintiff was neither an employee nor agent of Defendant.

**<u>COUNT I</u>**
**(Negligence)**

**13.**

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 12 of this Complaint as if fully set forth herein verbatim.

**14.**

At all times relevant to this Complaint, Defendant owned, managed, and/or operated the Premises.

**15.**

Defendant, as owner, manager, and/or operator of the Premises, invited the general public, including Plaintiff, on to the Premises.

**16.**

On August 25, 2023, Plaintiff was a lawful invitee at the Premises.

**17.**

Defendant owed Plaintiff a duty to exercise ordinary care in keeping the premises and approaches of the Premises reasonably safe.

**18.**

Defendant breached their duty of care by, among other things, recklessly and/or negligently:

(a) failing to properly maintain the Premises;

(b) failing to clean up the oil within a reasonable time;

(c) failing to warn of the dangerous condition at the Premises; and

(d) failing to otherwise exercise ordinary care with respect to the matters alleged in this Complaint.

**19.**

Plaintiff was without equal or greater knowledge of the dangerous condition that existed at the Premises or was prevented from discovering it because Defendant did not place warning or caution signs.

**20.**

As a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff has suffered and continues to suffer bodily injuries, great pain of body and mind, medical expenses, and other general and special damages.

**21.**

As a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff can reasonably be expected to incur future medical expenses, in an amount to be shown at trial, as well as future loss of enjoyment of life.

**22.**

The sole proximate cause of Plaintiff's injuries, losses, and damages was the negligence and/or recklessness of Defendant and Defendant is liable to Plaintiff.

**23.**

At all times relevant to this Complaint, Plaintiff was in no way negligent or reckless, and no conduct on his part directly or proximately caused or contributed in any way to any of his injuries, losses, or damages.

**24.**

All of the injuries, losses, and damages to Plaintiff, past, present, and prospective were, are, and will be due to the negligence of Defendant without contributory negligence on the part of Plaintiff.

**25.**

Plaintiff did not have the injuries described in his Complaint before he fell at the Premises.

**26.**

Plaintiff's medical treatment was reasonable, necessary and consistent with the injuries that he suffered as a direct and proximate result of Defendant's negligence.

**27.**

As a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiff incurred special and general damages to be proven at trial.

**<u>PLAINTIFF'S PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

(a) that summons be issued and service be had upon Defendant;

(b) that this matter be tried before an impartial jury of twelve persons;

(c) that judgment be entered against Defendant and in favor of Plaintiff and that Plaintiff be awarded general and special damages in such amounts as to be determined at trial by a fair and impartial jury of twelve persons;

(d) that Plaintiff be awarded the costs and expenses of bringing and prosecuting this action, including reasonable attorney fees; and

(e) for all such other relief which this Honorable Court deems just and proper.

Respectfully submitted, this 2nd of October, 2024.

**GREENE LEGAL GROUP LLC**

By: *_/s/ Reginald A. Greene_*
Reginald A. Greene
Georgia Bar No. 308674
Reginald A. Greene II
Georgia Bar No. 741525
Jasmine M. Williams
Georgia Bar No. 117912
Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
rgreene2@greenelegalgroup.com
jcobbs@greenelegalgroup.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/4/2024 1:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-2288-A
Dunn, James A.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARREN SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| WALMART INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT**

COMES NOW, Darren Sanders ("Plaintiff"), by and through his undersigned attorney, and files Plaintiff's First Request for Production of Documents (this "Production Request") to Defendant Walmart, Inc. ("Defendant").

Pursuant to O.C.G.A. § 9-11-34, Plaintiff requests that within forty-five (45) days from the date you are served with this request that you provide Plaintiff's attorney, whose address is Greene Legal Group LLC, Reginald A. Greene, Esq., One Georgia Center, Suite 605, 600 W. Peachtree Street, N.W., Atlanta, Georgia 30308 with true and unadulterated copies of the following documents in your custody, control or possession, or in the custody, control or possession of your attorneys, agents, and/or representatives. In lieu of production of originals of such documents, legible photocopies may be substituted and produced.

**DEFINITION OF TERMS**

When used in this Production Request, the following words shall have the following meanings:

1. The terms "you" or "your", or "Defendant" shall refer to and include Walmart, Inc., its agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of it.

2. The term "communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

3. The terms "document" or "documents," or any synonym thereof, shall be defined in the broad and liberal sense and mean to include every record of every type, of all written, typed, printed, recorded, or graphic matter of any kind and description, however produced or reproduced, and whether original, master duplicate, or copy, including, but not limited to, papers, notes, accounts, books, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda (whether interoffice or otherwise), notations, letter communications (whether interoffice or otherwise), reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, graphs, writings, drawings, sketches, photographs, phone records, films, videotapes, voice recordings, moving pictures, survey, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, notebooks, diaries, diary entries, vouchers, bank checks, cashier's checks, money orders, check stubs, checking account records, receipts, office manuals, appraisals, evaluations, lists, journals, public relation releases, applications, invoices, desk calendars, appointment books, assignments, repair estimates, hospital records, medical records, medical invoices, statements, bills, orders, licenses, witness statements, transcripts, stenographic or handwritten materials, purchase orders, publications, periodicals, brochures, schedules, circulars, bulletins, notices, instructions, manuals, notes or transcriptions

of or about telephone conversations, transcriptions or minutes of meetings, data sheets, work sheets, statistical compilations, data processing cards, computer records, computer tapes and print-outs, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably useable form, and any summary of any of the foregoing. Said terms shall also mean and include things similar to any of the foregoing, and all other papers, writings, or physical/tangible things containing information, including all preliminary drafts of the same or marginal notes appearing thereon, including every additional copies of the foregoing where such copies contain any commentary, notation, or other change whatsoever that does appear on the original or copy of the same.

4. The term the "Incident" shall refer to the incident that occurred on August 25, 2023, in which Plaintiff sustained serious bodily injuries after slipping and falling on an oily floor at the Walmart located at 6065 Jonesboro Rd, Morrow, GA 30260 (the "Store").

5. The terms "person" or "persons" shall include any natural human being, association, firm, partnership, corporation, estate or other legal entity.

**INSTRUCTIONS**

**1.** Objections Based on Privilege. In the event that any requested documents herein are withheld under a claim of privilege, provide the following information with respect to each such document:

(a) The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b) The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c) The type of privilege claimed;

(d) A statement of the circumstances which bear on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or merely to part of the document or thing;

(e) The number of each specific document request to which the withheld documents is responsive; and

(f) If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff request that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

**2.** Organization of Documents. All documents produced in response to this Production Request shall be organized and labeled to correspond with the number of the responsive Requests to Produce.

**REQUESTS TO PRODUCE**

By way of the individually enumerated requests below, Defendant is hereby directed to produce the following:

**1.** Please produce any and all documents, files, photographs, recordings, films, videos, tapes, charts, sketches, graphs, drawings, and diagrams identified or referred to in your responses to Plaintiff's First Interrogatories to you.

**2.** Please produce copies of any recorded video surveillance of the Incident, or of the area where the Incident occurred, which was recorded within twenty four (24) hours before and after the Incident.

**3.** Please produce copies of any and all recorded video surveillance footage of Plaintiff.

**4.** Please produce any and all documents used during the preparation of your responses to Plaintiff's First Interrogatories to you or which you have identified, used, or referred to.

**5.** Please produce every document, note, report, or any other written material that is prepared, relied on, created, or referenced by any person who Defendant expect to testify as an expert witness, including physicians, regardless of whether such testimony will be oral, written, or by deposition which relate to the Incident or this action. Include any documents containing the names and addresses for any such expert witness.

**6.** Please produce any and all documents reflecting payment to each expert that Defendant intend to call at trial, including payments to any organization with which the expert is or has been associated with in the last ten (10) years.

**7.** Please produce any and all documents containing a summary of qualifications or curriculums vitae for each expert Defendant intend or expects to testify at the trial, including any textual material upon which any such experts shall rely.

**8.** Please produce any and all written or recorded statements taken of any witnesses to the Incident, which includes all documents containing their names and addresses.

**9.** Please produce any and all written or recorded statements taken of any person contacted as potential witnesses in this case, which includes all documents containing their names and addresses.

**10.** Please produce any and all documents which relate in any way to the Incident.

**11.** Please produce any and all documents relating to any investigation conducted by Defendant, or anyone acting on behalf of Defendant, which pertains to the Incident and this action or relates to injuries or damages Plaintiff has sustained.

**12.** Please produce any and all investigational materials and documents created or used, which have not already been made available or included by the preceding number of this Request and that are not privileged.

**13.** Please produce a copy of the incident report related to the Incident.

**14.** Please produce any emails, letters, or other correspondence related which mention or refer to Plaintiff or the Incident.

**15.** Please produce your employee training manuals, videos, or other materials related to slip, trip, & fall hazards and customer injuries on the Premises.

**16.** Please produce your employee training manuals, videos, or other materials related to cleaning, inspections and maintenance at the Premises.

**17.** Please produce your policies and procedures related to slip, trip, & fall hazards and customer injuries on the Premises.

**18.** Please produce your policies and procedures related to cleaning, inspections, and maintenance at the Premises.

**19.** Please produce any and all press releases in the possession of you or your counsel related to the Incident and this action.

**20.** Please produce any and all documents that contain, embody, refer to or relate in any way to the relationship between Defendant and their officers, directors, employees, agents, representatives or other parties to this action, including any conversations, discussions or communications.

**21.** Please produce any and all invoices, receipts, or documents not otherwise requested either in this Request or the Interrogatories, which relate to this action and the Incident.

**22.** Please produce any and all contracts, agreements, documents, or primary and supplemental insurance policies which relate to coverage of the Premises at the time of the Incident and to any parties related to this action.

**23.** Please produce a certified copy of the declaration page pertaining to the liability coverage or excess coverage applicable to the business Defendant was operating on the Premises at the time of the Incident.

Respectfully submitted, this 2nd day of October, 2024.

**GREENE LEGAL GROUP LLC**

By: *<u>/s/ Reginald A. Greene</u>*
Reginald A. Greene
Georgia Bar No. 308674
Reginald A. Greene II
Georgia Bar No. 741525
Jasmine M. Williams
Georgia Bar No. 117912
Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
rgreene2@greenelegalgroup.com
jcobbs@greenelegalgroup.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/4/2024 1:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-2288-A
Dunn, James A.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARREN SANDERS<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**

COMES NOW, Darren Sanders ("Plaintiff"), by and through his undersigned attorney, and files Plaintiff's First Interrogatories to Defendant Walmart, Inc. ("Defendant") pursuant to O.C.G.A. § 9-11-33. Defendant is required to answer these interrogatories ("Interrogatories") separately, fully, and in writing, under oath, and to serve a copy of Defendant's responses upon the undersigned within forty-five (45) days from the time said Interrogatories are served upon it. These Interrogatories encompass and the answers hereto are to include and are to be based upon information and knowledge in the possession of or gathered by Defendant, its agents, attorneys and servants, and all other persons who have investigated or gathered information concerning the subject matter of this litigation at the request of or on the behalf of Defendant except such information and knowledge which falls within any bona fide claim of privilege.

Defendant is under a duty to supplement the answers to these Interrogatories in accordance with the provision of O.C.G.A. § 9-11-26(e) as additional information becomes available.

**DEFINITION OF TERMS**

When used in these Interrogatories, the following words shall have the following meanings:

1. The terms "you" or "your", or "Defendant" shall refer to and include Walmart, Inc., its agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of it.

2. The term "identify", or when stated as "state the identity of…" in reference to:

a. A natural person means:

(i) His/her full name and present or last known telephone number;

(ii) His/her present or last known business and residence address;

(iii) His/her present or last known occupation and position;

(iv) His/her present or last known employer or business affiliation; and,

(v) His/her occupation or position at the time in question as specified in the particular interrogatory.

b. An entity means:

(i) Its full and complete name;

(ii) Its type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.); and,

(iii) Its location of principal place of business, or mailing address.

3. The term the "Incident" shall refer to the incident that occurred on August 25, 2023, in which Plaintiff sustained serious bodily injuries after slipping and falling on an oily floor at the Walmart located at 6065 Jonesboro Rd, Morrow, GA 30260 (the "Premises").

Subject to the foregoing instructions, Plaintiff propounds upon Defendant the following interrogatories:

## INTERROGATORIES

**1.** Please identify the person or persons responding to these Interrogatories on your behalf. Please identify in your answer each person who has provided information in connection with these Interrogatory answers.

**2.** Please identify your legal entity. In doing so, please identify the following:

a. the date on which such entity was formed;

b. The state of incorporation;

c. The county in which your legal entity is located; and,

d. The names and addresses of all officers, directors, general partners, limited partners, and/or any other parties in your organization.

**3.** Please identify all owners, operators, managers and/or persons or entities in control of the Premises.

**4.** Please identify all your employees that were supervising, controlling, managing, and/or maintaining in any capacity regarding the Premises at the time of the Incident. If there was any change in such employees, please identify all parties related to the change.

**5.** Please identify all emails exchanged between you and any other person or entity in reference to the Incident. Please include the date, recipients, and authors, along with an identification and description of the email. If you refuse to produce the emails, please provide a privilege log identifying all such emails sufficient for the parties to file a motion to compel or request an in camera inspection, if needed. Further, please state whether inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding the above-referenced matter.

**6.** Please identify anyone who witnessed the Incident or was at the scene of Incident within twenty-four (24) hours before and after the Incident.

**7.** Please identify each person who has given any written or recorded statements, information, or otherwise has been interviewed in reference to the Incident. For each such person, state the date of the interview, the substance of the interview, and whether or not the interview was recorded and/or transcribed.

**8.** Please identify any and all persons and entities who have any pictures, photographs, visual recorded images, motion pictures, maps, drawings, diagrams, measurements, police reports, or descriptions related to or concerning the events and happenings alleged in reference to the Incident or Plaintiff's physical or mental condition, or of the scene of the Incident. If any such material exists, identify the following:

a. The persons responsible for such materials;

b. The creation dates of such materials;

c. The locations related to such materials; and,

d. All the information contained in such materials.

**9.** Please identify any and all persons and entities who have investigated the Incident, including but not limited to medical experts, private investigators or insurance adjusters, and, in doing so, state the name, address, and whether such investigation was reduced to writing, and the substance of thereto.

**10.** Please state whether you believe that you did everything that you could to prevent any person, including any invitees, from sustaining the injuries which Plaintiff sustained in the Incident at the time of the Incident. In doing so, describe everything you did to avoid the occurrence of the Incident, and state each and every fact on which you base your answer on, and identify each and every document which supports that answer.

**11.** Please identify all individuals who maintain the premises at the Premises, including any and all maintenance workers employed or hired by you, from 2021 until the present date.

**12.** Please describe the lighting, both artificial and natural, of the area in question at the time of the Incident.

**13.** Please state whether you contend that any person or entity other than yourself caused or contributed to the Incident. In your answer, identify the relevant party, state each and every relevant fact which you base your contention on, and identify each and every relevant document or information thereto.

**14.** Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person or entity, did or failed to do which in any way contributed to the Incident and/or any of Plaintiff's injuries.

**15.** Please identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you will rely upon in support of any of your defenses in this lawsuit.

**16.** Please state the factual basis for each affirmative defense raised in response to Plaintiff's Complaint for Damages.

**17.** Please identify all documentary, or other tangible evidence, not previously identified or produced which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

**18.** Please identify any and all logs or records related to cleanings or premise inspections performed at the Premises on the date of the Incident, including in your response the name, phone number and address of custodian of each log or record.

**19.** Please state your policies and procedures related to slip & trip hazards, maintenance, and cleaning at the Premises.

**20.** Please state your policies and procedures related to customer injuries at the Premises.

**21.** Please identify any training manuals, videos, or other materials given to employees related to slip, trip, and fall hazards and customer injuries at the Premises.

**22.** Please identify any training manuals, videos, or other materials given to employees related to cleaning and maintenance at the Premises.

**23.** Please identify any changes to your policies and procedures related to slips and trip hazards, cleaning or maintenance that were implemented after the date of the Incident.

**24.** Please state whether any tapes or recordings with footages were taken during the occurrence of the Incident or within sixty (60) minutes of the Incident. If you answer yes, please identify the present custodian(s) of such tapes or recordings.

**25.** Please identify any and all similar incidents on the Premises, including premises in which you own, not limiting your answer to the State's boundaries in which the Incident occurred, for a period of five (5) years prior to the Incident, up to the present date. Be sure to make reference to documents in your response to this Interrogatory.

**26.** Please identify any person whom you contacted as a witness or potential witness in this case.

**27.** Please identify any person whom you expect to call or may call as an expert at trial. Please be sure to include the following:

a. The specific subject matter on which you expect such witnesses to testify;

b. The substance of the facts, opinions, and conclusions which you expect such witnesses to testify; and,

c. The grounds for each such opinion or conclusion.

**28.** Please identify each person you retained or specially employed in the anticipation of litigation or preparation for trial that you do not expect to call as a witness at trial.

**29.** Please identify any insurance agreement(s) under any insurance company or another party which may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy the judgment. In answering, be sure to include the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against Defendant. This request includes all primary, excess, or umbrella policies.

**30.** Please state whether there were any liability insurance policies in force covering the Premises relative to the Incident. If so, for each such policy identify the following:

a. The name of the company issuing the policy;

b. The policy number; and,

c. The monetary limits of the policy for personal injuries and other categories of damages.

[SIGNATURE ON THE FOLLOWING PAGE]

Respectfully submitted, this 2nd day of October, 2024.

**GREENE LEGAL GROUP LLC**

By: *<u>/s/ Reginald A. Greene</u>*
Reginald A. Greene
Georgia Bar No. 308674
Reginald A. Greene II
Georgia Bar No. 741525
Jasmine M. Williams
Georgia Bar No. 117912
Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
rgreene2@greenelegalgroup.com
jcobbs@greenelegalgroup.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/4/2024 1:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
24SC-2288-A
Dunn, James A.

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| DARREN SANDERS | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| WALMART INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT**

COMES NOW, Darren Sanders ("Plaintiff"), by and through his undersigned attorney, and requests for Defendant Walmart, Inc. ("Defendant"), within forty-five (45) days after service of this request, to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial in this action:

That each of the following statements is true:

**1.** This action arises from a slip and fall incident that occurred on August 25, 2023 at the Walmart Supercenter located at 6065 Jonesboro Rd, Morrow, GA 30260 (the "Incident").

**2.** Defendant is a foreign corporation organized under the laws of Delaware.

**3.** Defendant's principal office is located at 702 SW 8th Street, Bentonville, AR, 72716.

**4.** Defendant's registered agent is The Corporation Company.

**5.** Defendant's registered agent is located at 416 Peachtree Parkway, Suite 4245, Cumming, GA, 30041.

**6.** On or about August 25, 2023, Plaintiff was a lawful invitee at the Walmart

Supercenter located at 6065 Jonesboro Rd, Morrow, GA 30260 ("the Premises").

**7.** Defendant owned, managed, and/or operated the Premises.

**8.** On or about August 25, 2023, Plaintiff slipped and fell on oil on the floor at the Premises.

**9.** There were no warning or caution signs alerting Plaintiff of the slipping hazard at the Premises.

**10.** Defendant knew the oil was on the floor at the Premises prior to Plaintiff's fall.

**11.** Defendant was informed of the oil on the floor at the Premises prior to Plaintiff's fall.

**12.** Defendant did not clean the oil spill at the Premises prior to Plaintiff's fall.

**13.** Plaintiff had no knowledge of the slip hazard on the Premises prior to his fall.

**14.** Plaintiff was not an employee of Defendant.

**15.** Plaintiff was not an agent of Defendant.

**16.** Plaintiff was injured as a result of the Incident.

**17.** Plaintiff incurred medical expenses as a result of the Incident.

**18.** Defendant possesses video footage of the Incident.

**19.** Plaintiff did not have the injuries described in his Complaint before he fell at the Premises.

**20.** Plaintiff's medical treatment was reasonable, necessary and consistent with the injuries that he suffered as a direct and proximate result of Defendant's negligence.

Respectfully submitted, this 2nd day of October, 2024.

**GREENE LEGAL GROUP LLC**

By: *<u>/s/ Reginald A. Greene</u>*
Reginald A. Greene
Georgia Bar No. 308674
Reginald A. Greene II
Georgia Bar No. 741525
Jasmine M. Williams
Georgia Bar No. 117912
Attorneys for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile
rgreene@greenelegalgroup.com
rgreene2@greenelegalgroup.com
jcobbs@greenelegalgroup.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DARREN SANDERS,

Plaintiff,

v.

WALMART INC.,

Defendant.

______________________________/

Civil Action File No.
24SC-2288-A

**ANSWER OF DEFENDANT**

COMES NOW, Defendant WALMART INC. and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint. The street number is incorrect.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint. Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Gainesville Division.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant admits the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant repeats and re-alleges each and every answer set forth in paragraphs 1 through 12 of this Answer as if fully set forth herein verbatim.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint, including subparagraphs (a), (b), (c), and (d) thereof.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

29.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c ), (d), (e), thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb

Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535; ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. has this day been filed and served upon opposing counsel via Peach Court E-File.

This 7th day of November, 2024.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E, Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

DARREN SANDERS,

Plaintiff,

v.

WALMART INC.,

Defendant.

_______________________________/

Civil Action File No.
24SC-2288-A

**12-PERSON JURY DEMAND**

COMES NOW Defendant, WALMART INC. and demands a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb

Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This 7th day of November, 2024.

McLAIN & MERRITT, P.C.

*/s/ Nicholas E. Deeb*
Nicholas E. Deeb
Georgia Bar No. 117025
Attorney for Defendant
WALMART INC.

3445 Peachtree Road, N.E, Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com